IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GARY L. LAWHEAD                                                                PLAINTIFF

v.                                        CIVIL NO. 06-3019

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff Gary L. Lawhead brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

Plaintiff filed his application for DIB on April 29, 2004, alleging a disability since March 1, 2003. (Tr. 16-18). Plaintiff was last insured for disability insurance benefits on December 31, 1998. (Tr. 56). Subsequently, after initial and reconsideration denials, an administrative hearing was held on August 16, 2005, that resulted in a denial of plaintiff's claims on September 21, 2005, because plaintiff did not meet the special earnings requirement under Title II at the alleged disability onset date. (Tr. 10-12, 174-195). The ALJ's September 21, 2005, decision became the

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

final decision of the Commissioner when the Appeals Council declined to review on March 3, 2006. (Tr. 2-4). Plaintiff now seeks judicial review.

Both parties were afforded the opportunity to file an appeal brief; however, only defendant chose to do so. (Doc. # 8). This case is before the undersigned pursuant to the consent of the parties.

**Discussion:**

The issue before this court is whether the Commissioner's decision is supported by substantial record evidence. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Id*. *See also Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). "However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence exists in the record that would have supported a different outcome, *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995), or 'because we would have decided the case differently.'" *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(citations omitted).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B); 20 C.F.R. § 404.130(b). A quarter is defined by 20 C.F.R. § 404.102 as

"a period of three calendar months ending March 31, June 30, September 30, or December 31 of any year." A self-employed individual earns coverage for income derived during the year in two ways: if the taxable year is a calendar year, credit for income is distributed equally to each quarter of that calendar year; or if the taxable year is not a calendar year, credit for income is distributed equally to each quarter of the taxable year or to each of the next three or fewer quarters preceding the quarters that were wholly or partly in your taxable year. 20 C.F.R. § 404.143.

The Act provides that after a time limitation of three years, three months and fifteen days has expired, the absence of an entry in the Social Security Administration's earnings records as to wages alleged to have been paid by an employer is presumptive evidence that no such alleges wages were paid. 42 U.S.C. §§ 405(c)(1)(B) and 405(c)(4)(B). With regard to self-employment income, once the time limitation has expired the absence in the earnings record is generally conclusive, unless a tax return of self employment income was filed before the expiration of the time limits. 42 U.S.C. § 405(c)(4)(c).

In the present case, the record shows that plaintiff did not file an amended tax return reflecting self-employment income for 1999 until June 7, 2004. (Tr. 48-55). Since the time limitation of three years, three months and fifteens days expired prior to plaintiff's filing an amended return for 1999, we find substantial evidence supporting the ALJ's determination that plaintiff did not have the required quarters of coverage to entitle him to insured status under the Act.

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 6th day of March 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE